| 13 | 463 |
| 16 | 558 |
| 16 | 598 |
| 13 | 463 |
| 18 | 240 |
| 18 | 735 |
| 13 | 463, |
| 20 | 107 |

JOHN ELLIOTT *vs.* STEPHEN G. BENEDICT, Deputy Sheriff.

In Rhode Island, subject to the limitations of Pub. Laws R. I. cap. 723, of June 20, 1878, a debtor may lawfully apply all his attachable property to paying any one of his creditors exclusive of the others.

The transfer of all a debtor's estate to a creditor made in good faith, and for a fair consideration, is, subject to the above limitations, valid, although the debtor's other creditors remain unpaid.

A bill of exceptions to the Court of Common Pleas and a petition for a new trial, on the ground of newly discovered evidence, or because a verdict is against evidence, cannot be combined in the same proceeding.

If a litigant desires relief from error of law on the part of the court, and of fact on the part of the jury, and wishes to combine the two grounds of relief in one proceeding, he should proceed by a petition for a new trial.

EXCEPTIONS to the Court of Common Pleas.

*December* 8, 1881. DURFEE, C. J. This case comes up on exceptions from the Court of Common Pleas. It is replevin for a stock of groceries which was attached by the defendant, a deputy sheriff, as the property of John Smith. The defence is, property in Smith. On trial in the court below, the plaintiff testified that the groceries were transferred to him by John Smith, between two and three months before the attachment, in payment of a debt of $340.71, which Smith owed him for money lent at divers times; that the transfer was by bill of sale and delivery; that he took possession immediately, and put his sister, who was the wife of Smith, in charge of the groceries and the shop wherein they were, and that she had carried on the shop ever since for him as his hired agent or servant. His testimony was confirmed by that

of Smith and his wife, who also testified that the groceries were not worth $340.71, and that they were transferred to the plaintiff because the plaintiff demanded payment and threatened to attach them. Smith admitted that he had no other property except a small stock of liquors; that he owed several hundred dollars, and that several bills were coming against him which he could not pay when he made the transfer. The defendant submitted evidence of circumstances to discredit the plaintiff's claim, but none which directly contradicted him. After the evidence was in, the defendant made several requests for instructions, some of which were not granted or not granted without modification. The verdict was for the plaintiff.

The errors alleged are three, to wit: *First*, The defendant asked the court to charge the jury that if the transfer embraced the whole of Smith's property, leaving nothing to satisfy an execution, the jury must presume that it was fraudulent as to other creditors; and that if it was voluntary, it made no difference whether the transferee knew whether there were other creditors or not. The court, instead of so charging, charged that the transfer would not necessarily be fraudulent if it covered the whole property, but if it did cover the whole, that would be a circumstance for the jury to consider in determining whether it was fraudulent; and also, that if the transfer was *bonâ fide* and for a valid consideration, though voluntarily made, it was not necessary for the plaintiff to inquire concerning other creditors.

*Second*, The defendant asked the court to charge that if Smith sold the property to the plaintiff because he was indebted to several other creditors, and wished to satisfy the plaintiff against the interests of the other creditors, then the transfer was fraudulent and void. The court, instead of so charging, charged that if the transfer was a contrivance between Smith and the plaintiff to cheat the other creditors, and was not made in good faith and for a valid consideration, then it was void.

*Third*, The defendant asked the court to charge that one who takes an absolute and voluntary conveyance of property, knowing that the grantor is largely in debt and unable to pay his debts, is guilty of fraud in law against the creditors, and the conveyance is void as to them. The court, instead of so charging, repeated

the charge first above stated, and added that it must be left with the jury to determine, on the testimony and under all the circumstances, whether the conveyance was fraudulent or not. The court had previously read to the jury the statute of fraudulent conveyances [1] as the law applicable to the case.

We are of the opinion that there was nothing in these instructions of which the defendant has any right to complain. The first two requests rest on the assumption, tacit or expressed, that a debtor who owes several creditors, and has not property enough to pay all of them, has no right to apply the whole of his property which is liable to attachment to the payment of any one of them in preference to others; whereas in this State it is perfectly well settled that he has this right, except in so far as it has been abridged by the recent act to prevent preferences, Pub. Laws R. I. cap. 723, of June 20, 1878; or, in other words, that a debtor who owes several creditors has the same right to use the whole of his attachable property to pay one of them, so long as it is no more than sufficient to pay him, as he has, if he has no attachable property, to use for that purpose the last dollar in his pocket. No State, in fact, was ever more liberal than this was, before the passage of the act above mentioned, in sanctioning and upholding such preferences; and it is not contended that the case at bar is now or was at the time of the trial subject to any of the restric-

---

[1] Gen. Stat. R. I. cap. 162, § 1, as follows: "Every gift, grant, or conveyance of land, tenements, hereditaments, goods, or chattels, or of any rent, interest, or profit out of the same, by writing or otherwise, and every note, bill, bond, contract, suit, judgment, or execution, had or made and contrived of fraud, covin, collusion, or guile, to the intent or purpose to delay, hinder, or defraud creditors of their just and lawful actions, debts, suits, accounts, damages, or just demands of what nature soever, or to deceive or defraud those who shall purchase *bonâ fide* the same lands, tenements, hereditaments, goods, or chattels, or any rent, interest, or profit out of them, shall be henceforth deemed and taken as against such person or persons, his, her, or their heirs, successors, executors, administrators, or assigns, and every of them, whose debts, suits, demands, estates, rights, or interests by such guileful and covinous devices and practices as aforesaid shall or may be in any wise injured, disturbed, hindered, delayed, or defrauded, to be clearly and utterly void, any pretence, color, feigned consideration, expressing of use, or any other matter or thing to the contrary notwithstanding."

tions imposed by the act above mentioned. Indeed we may remark that the defendant, or the creditor in whose behalf he is acting, is trying in this very case to secure for himself what he is so strenuously condemning the plaintiff for having secured, namely, a preference over the other creditors, the only difference between him and the plaintiff being that the plaintiff has effected, with the consent of the debtor, what he is trying to effect without it. At common law it is no fraud for a debtor to pay in full any debt which he owes, out of any property which he has, whether attachable or not, though the result, and even the *purposed* result, of the payment may be that other debts will have to go unpaid. And the common law in this regard is not affected by the Statute of Fraudulent Conveyances. Bump on Fraudulent Conveyances, 217 *et sq.*

The defendant's third request for instruction was entirely proper when properly understood. The word voluntary, however, is ambiguous. It might have been understood by the jury to mean simply without compulsion. If the word were so understood, the instruction would not be right. The instruction would be right only if the word were understood to mean without consideration. The court therefore acted prudently in not granting the request without explanation. We are of the opinion that the instruction requested, in the only sense in which it could be properly given, was given in substance and effect, though it may not have been given in the words of the request. This is all the law requires.

The defendant also asks for a new trial on the ground that the verdict is against the evidence and for newly discovered evidence. This raises the question whether such a petition can be combined with a bill of exceptions in the same proceeding. We are of the opinion that it cannot. The two things are not only different but incompatible. A trial of exceptions is in the nature of an appeal, and brings the case up out of the court below into this court for adjudication upon the questions of law raised in it. It is in fact an appeal involving simply matters of law. A petition for new trial, on the other hand, proceeds on the assumption that the case is still remaining in the lower court, and that it is liable to be enforced by the lower court, unless a new trial is granted. Moreover, under the law as it now is, a petition for new trial cannot be

deemed to be entered until an entry fee has been paid for it, and in this proceeding only one entry fee has been paid, which must be taken to be the entry fee for the bill of exceptions. We may add that we do not think the petition, if properly here, could be granted.

Where a party wishes to proceed at once in the same proceeding on the two grounds, that the court has erred in its rulings and that the verdict is against the evidence, he should proceed simply by petition as he proceeds in a case pending in this court. Of course such a petition would have this disadvantage, as compared with a bill of exceptions, that, judgment being entered, execution might issue, unless stayed by special order, and be enforced before the petition could be heard and decided.

The exceptions are overruled and the judgment of the court below affirmed, with costs of this court.

*Exceptions overruled.*

*Thomas P. Barnefield*, for plaintiff.
*Hugh J. Carroll*, for defendant.